# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODNEY ORLANDO SUTTON,<br>TDCJ #2012008, | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL NO. SA-18-CA-00153-FB |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Rodney Sutton, who is not in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ–CID"), has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted a preliminary review of the petition. Having considered the Petition (ECF No. 1), the Respondent's Motion to Dismiss as Moot (ECF No. 13), the record (ECF No. 14), and applicable law, the Court finds the petition should be **DISMISSED** as moot.

## I. Background

At the time his petition was filed on February 5, 2018, the Director had lawful custody of Mr. Sutton pursuant to a judgment and sentence of the 207th Judicial District Court of Comal County, Texas. (ECF No. 13-1 at 3). On July 7, 2015, Mr. Sutton was convicted of possession of a controlled substance and sentenced to a term of six years' imprisonment. (ECF No. 14-2 at 2). On February 20, 2016, Mr. Sutton was denied parole. (ECF No. 13-1 at 3). On February 8, 2017, and April 19, 2017, Mr. Sutton was again denied parole. (ECF No. 13-1 at 3-4). On October 30, 2017, Mr. Sutton filed an application for a state writ of habeas corpus challenging both denials of parole, which the Texas Court of Criminal Appeals denied without written order on the

findings of the trial court without a hearing on January 24, 2018. (ECF NO. 14-1; ECF No. 14-2 at 6-24).

Mr. Sutton filed his federal habeas petition on February 5, 2018. On March 22, 2018, the Board of Pardons and Paroles approved Mr. Sutton's release from TDCJ custody on mandatory supervision, and he was released from custody on April 5, 2018. (ECF No. 13-1 at 4).

Mr. Sutton alleges he is entitled to federal habeas relief because the denial of parole violated the doctrine of separation of powers and his right to due process of law. (ECF No. 1 at 6).[1] He further asserts the State has acted in "bad faith" in denying him parole. (ECF No. 1 at 7; ECF No. 2 at 16).[2] Mr. Sutton alleges he has been denied access to the courts and that the denial of parole was arbitrary and capricious. (ECF No. 1 at 8)[3]. Mr. Sutton asks the Court to order respondent to release him on parole. (ECF No. 1 at 7).

Respondent argues the claims are moot and, alternatively, that the claims are not cognizable. (ECF No. 13).

## II. Analysis

### A. Mootness

Mr. Sutton does not attack the legality of his conviction or sentence; in his habeas petition he attacks only the denial of his release on parole.

Important to the consideration of whether a court retains jurisdiction over a cause of action is whether it is likely that judicial relief will correct the purported injury. *Spencer v.*

---

[1] Mr. Sutton asserts the Board of Pardons and Paroles has improperly delegated its responsibility to determine eligibility for parole to the Texas Department of Criminal Justice, citing the Prison Litigation Reform Act of 1996. (ECF No. 2 at 9-10).

[2] Mr. Sutton asserts the Board improperly denies good time credits when determining a prisoner's mandatory supervision date, thereby violating inmates' liberty interests. (ECF No. 2 at 13).

[3] Mr. Sutton contends inmates' liberty interests and rights to due process are violated because they may not appeal decisions denying parole and the state courts have "no authority to grant parole." (ECF No. 2 at 19).

*Kemna*, 523 U.S. 1, 7 (1998). For a federal court to assert jurisdiction over a habeas petition, Article III of the Constitution requires the petition to involve a live case or controversy. *Id.* A case may become moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). An attack on parole proceedings is rendered moot when, as in this matter, the petitioner is released to mandatory supervision after filing their habeas petition. *Spencer*, 523 U.S. at 7-8; *Frischenmeyer v. Quarterman*, 187 F. App'x 378, 378 (5th Cir. 2006) ("Frischenmeyer challenged the Texas Parole Board's refusal to grant him release on parole. Frischenmeyer was released on mandatory supervision on May 9, 2006. Frischenmeyer's claims have been rendered moot by his release.").

An attack is not moot when the petitioner affirmatively demonstrates collateral consequences resulting from the challenged proceeding. *Spencer*, 523 U.S. at 14. The issue of mootness in a habeas corpus proceeding turns on the substantiality of any "collateral consequences" stemming from the challenged action. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). For example, if a prisoner's maximum parole discharge date is extended as a result of the proceeding, then the case is not moot. *Villegas v. Thaler*, 480 F. App'x 761, 763 (5th Cir. 2011). The petitioner has the burden of proving collateral consequences. *Spencer*, 523 U.S. at 8.

Mr. Sutton has not alleged nor shown collateral consequences resulting from the challenged denials of parole, and these denials do not impact his maximum discharge date. Because the detention resulting from the challenged proceedings has ceased and there were no collateral consequences arising from the decisions in those proceedings, the petition must be dismissed as moot. *See Bailey*, 821 F.2d at 278-79; *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978); *Wiggins v. Thaler*, 428 F. App'x 468, 471 (5th Cir. 2011). Because Mr. Sutton has been released from confinement, the non-declaratory relief sought is no longer available from this Court. *Bailey*, 821 F.2d at 278 ("The main thrust of Bailey's petition is to be released from

his confinement. Because Bailey was released in April 1986, however, this court can no longer provide him with that relief.").

Mr. Sutton's substantive claims are broad-based challenges to the Board's rules and procedures, which may only be challenged in a federal habeas petition if resolution of the allegations would automatically entitle the petitioner to immediate or accelerated release. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). Such broad-based challenges are correctly brought in a civil rights case pursuant to 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (prisoners may bring § 1983 suits to challenge the constitutionality of parole eligibility and parole determination procedures). "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). To the extent Mr. Sutton seeks monetary damages, a section 2254 action is not the appropriate vehicle to recover damages for an allegedly unconstitutional parole proceeding; in order for Mr. Sutton to recover damages for any alleged unconstitutional parole proceedings, he must file a civil rights action. *Wilkinson*, 544 U.S. at 82.

### III. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA sua sponte without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Mr. Sutton is not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion and Order

Accordingly, based on the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED,** and petitioner Rodney Sutton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**;

2. No Certificate of Appealability shall issue in this case;

3. Respondent's Motion to Dismiss as Moot (ECF No. 13) is **GRANTED**;

4. Any other pending motions pending are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 30th day of July, 2018.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE